GULOTTA, Judge
(dissenting).
I respectfully dissent.
The evidence shows that Quaglino, as general manager of the bakery with the responsibility of supervision over its operation, occasionally took bakery equipment home for repair or cleaning, or both. It is clear, from the evidence, that the blower *878 was one used in the bakery. Furthermore, it appears from the evidence that it is more reasonable and probable that the blower was brought home by the decedent to repair or clean than to be used for the purpose of blowing grass cuttings. It is also more reasonable, from the record, that the machine was being used by the decedent in furtherance of its testing for the benefit of the employer or the business. Once we conclude that Quaglino was, in fact, testing the blower by blowing grass from the driveway, any inference or conclusion that when he intended to blow grass cuttings beyond the gate, he converted the use to his own purposes is purely speculative.
I am of the opinion, therefore, that plaintiff successfully carried the burden of showing that the death of Quaglino occurred from an accident arising out of and in the course of his employment.
Accordingly, I respectfully dissent.